Andrew Sklar, Esquire (016751992)
Sklar Law, LLC
1020 Laurel Oak Road, Suite 203
Voorhees, New Jersey 08043
(856) 258-4050 Tel
(856) 258-6941 Fax
Attorney for Chapter 7 Trustee

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| NAZIA KAMAL, | : | Case No. 16-28548-ABA |
| Debtor | : | |
| | : | **CERTIFICATION OF TRUSTEE IN OPPOSITION TO RELEASE EXEMPT PROPERTY** |

ANDREW SKLAR, the Chapter 7 trustee in the above matter, hereby certifies as follows in opposition to the Debtor's Motion to Compel Release of Exempt Property:

1. I am the duly appointed Interim Trustee in this matter.

2. On or about June 3, 2026 the Debtor filed a Chapter 7 petition, pro se. I was appointed as the Interim Trustee on June 4, 2026.

3. The Debtor's schedule A/B listed a checking account with Wells Fargo with a Balance of $3,500. The Debtor also filed an application for a waiver of the filing fee, which was granted, again asserting a balance in the Wells Fargo account of $3,500.

4. On its own initiative, Wells Fargo froze the Debtor's bank account and Notified the me that, in fact, there was $34,524.12 in the Debtor's bank account.

5. The Debtor has now filed amended schedules A/B and C to disclosure the

actual amount in the Wells Fargo account, and to claim the funds exempt under 11

U.S.C.§522(d)(10)(D) in the amount of $18,800.00 and an additional amount of

$11,759.00 exempt under §522(d)(5).

6.    As the Debtor is claiming only $30,559.00 as exempt, there would be no

basis for turnover of the $3,965.12 on which the Debtor is not claiming an exemption.

7.   Further, the Trustee does not object to the §522(d)(5) exemption, so the

amount of $11,759.00 may be released to the Debtor.

8.   The Trustee does, however, object to the §522(d(10)(D) claimed exemption

opposes turnover of these funds.

9.   The Debtor has alleged that she receives "voluntary child support" payments

from Monir Ahmed.  As these payments "voluntary", it can be reasonably assumed there

is no court order compelling these payments.

10. Further, the Debtor has alleged that she received from Mr. Ahmed $5,200 in

2024, $9,600.00 in 2025 and $4,000 in 2026 through the petition date, which equates to

the $18,800 claimed under the d(10(D) exemption.

11.  The Trustee has numerous reasons for objecting to this claimed exemption as

set forth in the annexed Objection to Exemption.

12. Accordingly, the Trustee respectfully requests that the Court allow for

turnover of only the $11,759.00 claimed exempt under §522(d)(5) and deny both the

turnover of the $18,800 and the Debtor's claimed exemption in these funds.

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.


Dated:  June 17, 2026                    /s/ Andrew Sklar

Andrew Sklar, Chapter 7 Trustee