Andrew Sklar, Esquire (016751992)
Sklar Law, LLC
1020 Laurel Oak Road, Suite 203
Voorhees, New Jersey 08043
(856) 258-4050 Tel
(856) 258-6941 Fax
Attorney for Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| NAZIA KAMAL, | : | Case No. 16-28548-ABA |
| Debtor | : | |
| | : | **OBJECTION TO EXEMPTION** |
| | : | |

Andrew Sklar, the Chapter 7 Trustee, by way of objection to the exemptions claimed by the Debtor(s), states as follows:

1.      I am the Interim Chapter 7 Trustee in the above captioned matter, having been appointed as Trustee on June 4, 2026.

2.      This matter is a Chapter 7 proceeding having been filed on June 3, 2026.

3.      The First Meeting of Creditors is scheduled for July 9, 2026.

4.      The Debtor has filed a Motion to Compel Release of Exempt Property, based upon an Amended Schedule C wherein the Debtor has claimed an exemption in $18,800.00 being held in a Wells Fargo Bank Account, pursuant to 11 U.S.C. §522(d)(10)(D) (the "(d)(10(D) exemption").

4.      The Trustee objects to the exemption in the $18,800.00 (the "Property") which is claimed by the Debtor pursuant to 11 U.S.C. §522(d)(10)(D).   The exemption claimed by the Debtor is improper for the following reasons:

(a)  The Property is not alimony, support or separate maintenance;

(b) Even if, arguendo, the Property is alimony, support or separate maintenance, they Property is not reasonably necessary for the support of the Debtor or any dependent of the Debtor.

(c) The Debtor has not properly traced the Property, which has been comingled with non-exempt funds.

5. The Property is the result of voluntary payments made by the father of the Debtor's children, and not as the result of court order or other judicial determination. The Debtor has provided no evidence, such as a certification from the father, that payments received were in the nature of child support.

6. Even if it is assumed these payments were, in fact, child support, the Debtor has not demonstrated that these funds are "reasonably necessary for the support of the Debtor or a dependent of the Debtor" as required by §522(d)(10(D).  In fact, the Debtor has demonstrated the opposite.

7. The Debtor has attempted to exempt the *total* amount of support she has received since 2024.  By implication, that means the Debtor has not *spent* one dollar of the support she received, since the entirety of the payments are in her bank account. Thus, if the Debtor has not spent any of the support, it is not necessary for her support or the support of the support of her dependents.  Since she has been able to save and not spend these support payments, they are clearly not necessary for her support.

8. Additionally, the Debtor has comingled the Property with non-exempt funds, including her wages.  Debtor has made no effort to trace the support payments but instead has made a blanket statement that all of the support payments are still in the bank

account and were never spent.  Again, if this is, in fact, accurate, then the funds are not

exempt as they are not necessary for the support of the debtor and/or her dependents.


      **WHEREFORE**, the Chapter 7 Trustee requests that the Request for Exemption

on the Property be denied.

      Respectfully submitted,



By:        /s/ Andrew Sklar
        ANDREW SKLAR, ESQUIRE
        Attorneys for Chapter 7 Trustee

Dated:  June 17, 2026