By: Michael I. Assad (#338972023)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
608-808-3300
mike@assad.law
*Attorney for Debtor*



## United States Bankruptcy Court
## District of New Jersey

In re:

    Nazia Kamal,

               Debtor.

Case No.   26-16312-JNP

Chapter:   7

Hearing:   July 14, 2026

### Debtor's Response to Objection to Claim of Exemptions

Debtor Nazia Kamal, through her attorney, hereby responds to the Objection to her claim of exemptions filed by chapter 7 Trustee Andrew Sklar.

### Introduction

At its core, this case asks whether a single mother may keep the child support she relies on to raise her two children. The Debtor received that support from the children's father and claimed it exempt under 11 U.S.C. § 522(d)(10)(D). The Trustee objects without evidence, arguing that the support does not count because no court ordered it and that money saved for the future cannot be necessary. Both arguments fail. The Trustee has not met his burden, the exemption is properly claimed, and sustaining the Objection would not yield a meaningful distribution to unsecured creditors. The Court must overrule the Objection.

*[This space intentionally left blank.]*

**Background**

Nazia Kamal is a single mother of two minor children (the "Children"). She filed this Chapter 7 case on June 3, 2026, and Andrew Sklar was appointed Chapter 7 Trustee.

The Children's father, Monir Ahammed, sends the Debtor regular payments to support the Children. The payments arrive by Zelle transfer into the Debtor's Wells Fargo checking account, and the confirming messages identify the sender as the father, name the Children, and in one instance describe the payment as "Child Support." (Ex. A.) By the petition date, the Debtor had received roughly $18,800 in this support, which she claimed exempt under 11 U.S.C. § 522(d)(10)(D).

The Debtor rents the home where she lives with the Children and is required to pay the rent a full year at a time, in a single payment. (Exs. B-C.) The Trustee objected to the Debtor's claim of exemption, and this Response follows.

**Legal Standard**

Exemptions are presumed valid until objected to. 11 U.S.C. § 522(l); *In re Hendrickson*, 274 B.R. 138, 149 (Bankr. W.D. Pa. 2002) (citing *Carter v. Anderson*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)). If an objector produces *prima facie* evidence that rebuts the presumption of validity, the burden shifts to the debtor to produce evidence supporting their exemption. *Hendrickson*, 274 B.R. at 149; *In re Benson*, 363 B.R. 415, 422 (Bankr. W.D. Pa. 2007), *rev'd on other grounds*, 2008 WL 2641275 (W.D. Pa. July 2, 2008) (citing *Carter v. Anderson*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999)). A *prima facie* showing requires more than just raising questions or speculation. *See In re Allegheny Int'l*, 954 F.2d 167, 173 (3d Cir. 1992).

Although the burden of production shifts, the burden of persuasion does not; the objector must prove the impropriety of the exemption by a preponderance of the evidence. Fed. R. Bankr.

P. 4003(c); *Benson*, 363 B.R. at 422 (citing *Jenkins v. Hodes*, 402 F.3d 1005, 1010 (10th Cir. 2005));

*In re Greenly*, 481 B.R. 299, 314 (Bankr. E.D. Pa. 2012); *In re Miller*, 424 B.R. 171, 174 (Bankr.

M.D. Pa. 2010). Wherever there is ambiguity, exemptions must be construed liberally in favor of

the Debtor. *In re Bryan*, 466 B.R. 460, 464 (B.A.P. 8th Cir. 2012); *In re Lampe*, 331 F.3d 750, 754

(10th Cir. 2003).

## Argument

**I.    The Court must overrule the Objection because the Trustee has not met his burden of making a *prima facie* showing that the exemptions are improperly claimed.**

**A.    Because the Debtor's exemption is facially valid, the Trustee can carry his initial burden only by producing evidence to rebut it.**

An objector may skip the evidence in one situation only: when the claimed exemption is

invalid on its face. That happens when the asset the debtor describes and the exemption she invokes

do not match on the face of Schedule C, so that she "has failed to identify the kind or amount of

property plainly recognized as exempt under the exemption statute." *In re Walker-Lightfoot*, 660

B.R. 118, 124 (Bankr. D. Md. 2024). There, the objector may rest on the schedule and the statute

alone. *Id.* A debtor who schedules a legal malpractice claim but exempts it as a personal injury

recovery has claimed a facially invalid exemption, because a malpractice claim is not a personal

injury. *Id.* at 125. The same is true of an accountant who lists an electric saw under a tools-of-the-

trade exemption. The saw has nothing to do with accountancy, so the mismatch is apparent from

the schedule itself. *Id.* at 123.

Here, the Debtor scheduled child support payments and claimed them exempt under §

522(d)(10)(D), which exempts payments in the nature of support. The property and the exemption

are the same thing. She did not over-claim a capped amount or mislabel the property. She identified

exactly the kind of property the statute protects, which makes the exemption facially valid. That

forecloses the evidence-free route. To carry his initial burden, the Trustee must produce *prima facie*

evidence rebutting the presumption of validity. As discussed below, he offers none.

> **B.      The Trustee produces no evidence to rebut the facially valid exemption, relying instead on speculation, bare legal theory, and misplaced grievances.**

The Trustee has a duty to make reasonable inquiries before filing an objection to a claim of

exemptions. Fed. R. Bankr. P. 9011(b). The meeting of creditors provides an appropriate

opportunity for him to make such inquiries. 11 U.S.C. § 341. The Rules even pause the objection

deadline until the conclusion of that meeting so that the Trustee can make diligent inquiry without

pressure of a deadline. Fed. R. Bankr. P. 4003(b)(1). In all, the Trustee has a unique and powerful

toolbox at his disposal.

Had the Trustee used some of those tools, he might have filed a coherent objection

supported by evidence. Instead, the Objection consists only of speculative claims, bare legal

theories, and an expectation that everyone else will do his work for him. The Objection shows (at

least) four examples of the Trustee's failure to make reasonable inquiries.

First, he says "[t]he Debtor has provided no evidence, such as a certification from the

father, that payments received were in the nature of child support." (Obj. ¶ 5.) Had he asked the

Debtor to provide a certification from the father or waited for the meeting of creditors to examine

her about the payments, he would have that evidence.

Second, he complains that "the Debtor has not demonstrated that these funds are

'reasonably necessary for the support of the Debtor or a dependent of the Debtor' as required by

§522(d)(10(D)." (Obj. ¶ 6.) It is not her burden to do so. Had the Trustee waited for the meeting

of creditors to examine the Debtor about her expenses, he at least might be able to support his

Objection with evidence.

Third, he opines that "Since [the Debtor] has been able to save and not spend these support payments, they are clearly not necessary for her support." (Obj. ¶ 7.) Had he waited until the meeting of creditors to examine the Debtor about expenses that she anticipates, he might be able to support this statement with evidence rather than yada-yada over the important details and declare that his conclusion is "clear."

Finally, he admonishes the Debtor for "ma[king] no effort to trace the support payments [to show] that all of the support payments are still in the bank account and were never spent." (Obj. ¶ 8.) Had the Trustee waited to examine the Debtor about her use of the funds or requested documentation, he might have included evidence that would shift the production burden to the Debtor. Until he does so, she has no obligation to produce a trace analysis.

Because the Trustee has presented no evidence to support a *prima facie* showing that the exemptions were not properly claimed, the burden of production has not shifted to the Debtor, and she need not produce further evidence in support of her exemptions.

**II.    The Court must overrule the Objection because the exemptions are properly claimed.**

    **A.    The Bankruptcy Code protects voluntary child support payments.**

The Trustee suggests that the exemption is improper because the payments are "not . . . the result of court order or other judicial determination." (Obj. ¶ 5.) There are three reasons why this suggestion is unserious.

First, because the law does not say so. The Court must enforce an unambiguous statute exactly as written. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). Here, the statute unambiguously allows a debtor to exempt "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. §

522(d)(10)(D). If Congress had intended to limit this protection to court-ordered payments, it would have written that into the statute—but it did not.

Second, because the Third Circuit has applied the law as written and requires the Court to look to the intent of a support payment rather than its label. *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990); *see also Miller*, 424 B.R. at 175 (applying the *Gianakas* factors to determine whether funds are support under § 522(d)(10)(D)). To do so, the Court weighs three factors: (i) the language and substance of the arrangement in its surrounding circumstances; (ii) the parties' financial circumstances when the payments were made; and (iii) the function the payments serve, since payments that provide "daily necessities such as food, housing and transportation" are support. *Gianakas*, 917 F.2d at 762–63. Each factor confirms the character of the payments here. They come from the Children's father and are marked as being "for" the Children, one of them as "Child Support." (Ex. B.) The Debtor is a single mother who has custody of the Children and depends on the payments to raise them. And the payments fund the very daily necessities *Gianakas* names. They are exactly the kind of payments the exemption is meant to protect.

Third, because public policy favors resolution of disputes outside of the judicial system—especially when it comes to domestic support. If voluntary support payments were not protected by the Bankruptcy Code, a parent could secure that protection only by first dragging the other into court for a support order, turning an amicable arrangement into a lawsuit and pushing into the courts the very disputes families are encouraged to settle on their own. Such a rule would reward conflict, penalize cooperation, and fall hardest on the children the exemption exists to protect.

*[This space intentionally left blank.]*

6

### B.      The Debtor needs the funds to provide for her dependents.

The Trustee's opinion that the money is unnecessary is even less serious than his argument above, because the exemption is forward-looking. Section 522(d)(10)(D) protects support "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." The provision exempts payments that "(1) are intended by the parties or the state court to support a spouse and (2) are, in the judgment of the bankruptcy court, reasonably necessary for such purpose." *In re Miller*, 424 B.R. 171, 179 (Bankr. M.D. Pa. 2010) (quoting *Harbaugh v. Sweet*, 257 B.R. 485, 491 (Bankr. W.D. Pa. 2001)). The inquiry looks ahead to what a debtor and her dependents will need, and the court makes its decision based on her schedules and ongoing sources of support. *See id.* at 180 n.8.

Each of those measures shows that the Debtor needs these funds. The Debtor's single largest need is a roof over the Children's heads, and she funds it a full year at a time. Money reserved for a bill that must be paid, and that houses two children, is reasonably necessary for their support in the most concrete sense.

The Trustee's contrary view turns the standard upside down. He argues that because the Debtor saved the support rather than spending it, she must not need it. (Obj. ¶ 7.) That reasoning would punish a parent for planning ahead. Setting aside support to meet a known, recurring, and essential expense is the very prudence the forward-looking standard protects. A rule that stripped the exemption from the parent who reserves next year's rent, while protecting the parent who spends the same money on something else, would defeat the purpose of § 522(d)(10)(D).

Because the funds are reasonably necessary for the support of the Debtor's dependents, the exemption is proper and the Objection must be overruled.

7

III.   **Even if the exemptions are not properly claimed, the Court must overrule the Objection because to do otherwise would enrich the Trustee and his law firm with minimal benefit to unsecured creditors.**

The Trustee's own governing standards counsel against what he is doing. A Chapter 7 trustee must administer the estate to "maximize and expedite dividends to creditors," and he "shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals, or unduly delay the resolution of the case." U.S. Dep't of Justice, Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees 4-1 (eff. Oct. 1, 2012); see 28 U.S.C. § 586(a)(3) (charging the United States Trustee with supervising the administration of Chapter 7 cases). Before treating a case as an asset case, the trustee "must consider whether sufficient funds will be generated to make a meaningful distribution to unsecured creditors." *Id.*

This case cannot meet that standard. The only asset within the Trustee's reach is money in the Debtor's bank account, most of which she has claimed much as exempt. Even if the Court set the support exemption aside entirely, the sum left for creditors would be modest, and it would shrink again once the Trustee draws his statutory commission and his firm draws its fees. At bottom, the Trustee and his professionals stand to take the largest share of the estate, and the unsecured creditors would divide only pennies on the dollar among them. (Ex. D.)

The equities run the same direction. Exemptions are construed liberally in the debtor's favor, and § 522(d)(10)(D) exists to keep support with the families who rely on it. To sustain this Objection, the Court would have to take support from a single mother and her two children, feed most of it to the costs of administration, and leave the remainder to institutional creditors, all while the Trustee and his firm are paid first and paid most. Neither the text of the Code nor its purposes intend that result. Accordingly, even if the Court were to find the exemption improperly claimed, it must overrule the Objection.

**Conclusion**

The Trustee has not carried the burden the Rules place on him. He produced no evidence

to rebut a facially valid exemption, and the exemption is proper on its merits because the payments

are child support and the Debtor needs them to provide for the Children. Regardless, it would be a

shame for this Court to allow an estate to be administered mainly to pay those who administer it,

which is exactly the kind of self-dealing that causes the public to distrust our Nation's institutions.

Date: July 6, 2026                                     **LAW OFFICE OF MIKE ASSAD, P.C.**
                                                       *Attorney for Debtor*

                                                       By: _____

                                                           Michael I. Assad

9